# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| JESSE J. CHAMBERS | * | CIVIL ACTION NO. 08-0091 |
| VERSUS | * | JUDGE JAMES |
| BROOKSHIRE GROCERY COMPANY | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37 filed by Defendant Brookshire Grocery Company ("Defendant") (Doc. #13). The motion is unopposed. For reasons stated below, it is recommended that the motion be GRANTED in part and DENIED in part.

## BACKGROUND

On January 22, 2008, Plaintiff Jesse J. Chambers ("Chambers") filed a verified complaint against Defendant alleging employment discrimination. On May 29, 2008, Chambers's attorney filed a motion to withdraw from the case and, on May 30, 2008, the Court granted the motion and allotted Chambers thirty (30) days to enroll new legal counsel or to notify the court in writing that he intended to represent himself *pro se.*[1] (Doc. #8; May 30, 2008, Electronic Order). Chambers failed to comply with the order and has not otherwise sought an extension of time. Subsequently, on August 27, 2008, Defendant filed a motion to compel on the ground that

---

[1] In the motion to withdraw, the attorney stated that Chambers had been made aware of all deadlines set forth in the scheduling order. The attorney stated that there was a May 1, 2008, deadline to make initial disclosures and a June 19, 2008, deadline to respond to discovery served on May 20, 2008. He further stated that opposing counsel had agreed to a thirty-day extension of the time period for Chambers to respond to the aforementioned discovery. [Doc. #8]. Thus, the undersigned granted Chambers the thirty-day extension. [Doc. #9].

Chambers had failed to respond to Defendant's discovery.[2] [Doc. #10]. Chambers did not file an opposition to the motion or seek an extension of time to respond to the discovery. On September 16, 2008, the undersigned granted the motion to compel and ordered Chambers to fully and completely respond to the discovery within fifteen (15) days of the date of the order. [Doc. #12]. Chambers was cautioned in the order that further failures to respond timely to discovery or to comply with the orders of this Court would lead to the imposition of sanctions, up to and including possible dismissal of this action.

On October 16, 2008, Defendant filed the instant motion for sanctions, asserting that Chambers has failed to comply with the aforementioned order regarding discovery and has made no attempt to contact Defendant concerning this matter. Defendant seeks dismissal of the action with prejudice and an award of reasonable expenses.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 37(b)(2) provides that a court may dismiss an action for failure to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); *Butler v. Cloud*, 104 Fed.Appx. 373, *1 (5th Cir. June 25, 2004) (citation omitted) ("Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice."). "A dismissal with prejudice for violation of a discovery order is permitted if: (1) the refusal to comply results from wilfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. *Green v. Sheets*, 2008 WL 920739, *1 (W.D.La. March 17, 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)). The Fifth Circuit has stated that

---

[2] The discovery at issue was Defendant's first set of interrogatories.

"[a] dismissal with prejudice under Rule 37 is a 'remedy of last resort' which should be applied only in extreme circumstances." *Butler*, 104 Fed.Appx. at *1 (citation omitted).

In addition to the sanctions permitted by Rule 37 based on discovery violations, Federal Rule of Civil Procedure 41(b) "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (citing Fed. R. Civ. P. 41(b)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). However, a dismissal with prejudice under Rule 41(b) is warranted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry*, 975 F.2d at 1190 (citation omitted). "A clear record of delay is found where there have been 'significant periods of total inactivity.'" *Id.* at n.5 (internal quotations omitted) (citation omitted). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff [as opposed to his attorney]; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Orduna v. TX Comm'n on Alcohol and Drug Abuse*, 220 Fed.Appx. 249, *1 (5th Cir. February 22, 2007) (citation omitted); *Berry*, 97 F.2d at 1190.

Under the circumstances of this case, the undersigned concludes that Chambers's case should be dismissed with prejudice. Chambers failed to comply with this Court's order mandating that he respond to Defendants's discovery requests. Although this failure, on its own, might arguably be insufficient to support dismissal of Chambers's case with prejudice, considering it in combination with Chambers's failure to respond to the undersigned's earlier

order requiring him to either enroll new counsel or notify the Court in writing of his intention to proceed *pro se* reveals that dismissal is warranted. Chambers has failed, without explanation, to comply with two orders of this Court and, given Chambers's failure to provide any justification for such failure, the undersigned may reach no other conclusion than that Chambers's conduct in this regard is willful and intentional. It is also clear that Defendant has been prejudiced given that the trial in this case is set for January 12, 2009, and Chambers has provided defendant with no discovery. Moreover, as the orders of this Court to which Chambers has failed to respond were all entered after his attorney withdrew, it appears that the failures in this case are solely attributable to Chambers's own conduct. Finally, given Chambers's repeated failure to provide any justification for not complying with the Court's orders and the fact that he was explicitly cautioned in the order granting Defendant's motion to compel that further failure to comply with the orders of this Court could result in the dismissal of this action, the undersigned finds that employing lesser sanctions in this case would not serve the best interests of justice.

More than five months have elapsed since the undersigned ordered Chambers to either enroll new counsel or notify the Court of his intention to proceed *pro se*, and Chambers has taken absolutely no action in this case during such time, even in response to two motions filed by Defendant. He has failed to comply with two orders of this Court and to provide any explanation for his failure to do so despite having been warned that such failure could result in the dismissal of his case. Therefore, the undersigned recommends that Chambers's claims be dismissed with prejudice in accordance with Rule 41(b) and Rule 37(b). However, given Chambers *pro se* status and his apparent abandonment of this case, the undersigned does not find that justice would be served by ordering Chambers to pay the costs and expenses associated with Defendants's motion to compel and motion for sanctions.

Accordingly,

**IT IS RECOMMENDED** that Defendant's motion for sanctions be **GRANTED** to the extent it seeks dismissal of Chambers's complaint and therefore that Chambers's complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) and Rule 37(b). It is further **RECOMMENDED** that Defendant's motion for sanctions be **DENIED** to the extent it seeks an award of reasonable expenses.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 12th day of November, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE